**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **AZAEL DYTHIAN PERALES,** ) | **CASE NO. 1: 18 CV 284** |
| ) | |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **CALIFORNIA GOVERNOR'S** ) | |
| **OFFICE OF EMERGENCY** ) | |
| **SERVICES,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.:**

Asserting he is homeless and providing a post office box located in Fullerton, California as his return mailing address, *Pro Se* Plaintiff Azael Dythian Perales has filed this *in forma pauperis* civil action against numerous Defendants, all entities, agencies and individuals located in California. (Doc. No. 1.) His Complaint is incomprehensible. It consists of a series of incoherent and conclusory legal assertions and patently nonsensical

legal claims, including violations of numerous provisions of the United States Criminal Code. The relief the Plaintiff seeks is also incomprehensible.

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs are still required to meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal courts are courts of limited jurisdiction have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds this action must be dismissed in accordance with *Apple v. Glenn*. The Plaintiff's Complaint is so incoherent, implausible, unsubstantial, and frivolous that it does not provide a basis to establish this Court's subject-matter jurisdiction over any claim in this case. Accordingly, this action is dismissed for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn.* The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

        s/ Christopher A. Boyko
        **CHRISTOPHER A. BOYKO**
        **United States District Judge**

**Dated:** May 24, 2018